UNITED STATES BANKRUPCY COURT
DISTRICT OF PUERTO RICO

IN RE:

JUAN J. PERAZA MORA
GLORIA E. BATISTA MOLINA

D/B/A VAQUERIA JUAN J. PERAZA

DEBTORS

CASE NO. 14-01392 ESL

CHAPTER 12

### CHAPTER 12 PLAN- DATED MARCH 25, 2013

The above captioned Debtors, Juan J. Peraza Mora and Gloria E. Batista Molina; d/b/a Vaquería Juan J. Peraza by and through the undersigned counsel, hereby submit the following proposed plan of reorganization pursuant to the provisions of 11 U.S.C. Section 1201, et seq., and specifically to 11 U.S.C. Section 1222.

Pursuant to the provisions of Sections 1222 of the Code, Debtors propose the classification and treatment of claims as hereinafter stated.

Creditors and other parties in interest are urged to read and consider this Plan in its entirety since this represents a proposed legally binding agreement between the Debtors, creditors and parties in interest.

### ARTICLE I
### DEFINITIONS

For the purposes of this Plan of Reorganization, the following terms shall have the respective meanings set forth.

1. **"Debtor"** shall mean the individuals, Juan J. Peraza Mora and Gloria E. Batista Molina; d/b/a Vaquería Juan J. Peraza.

2. **"Petition Date"** shall mean February 26, 2014 the date on which the Debtor's filing of his Voluntary Petition commenced the instant Chapter 12 proceedings.

3. **"Bar Date"** shall mean the deadline of July 1, 2014 after which any proof of claim filed will not have any effect on this Plan and August 25, 2014 for government claims and will not entitle its holder to participate with other Claims under this Plan.

4. **"Confirmation Date"** shall mean the date the Order of Confirmation in this Chapter 12 proceeding and becomes a Final Order.

5. **"Effective Date of the Plan"** shall forty-five (45) days after the order of confirmation of the plan, becomes a final order and shall be the date on which there shall be made all cash payments required by the Plan.

6. **"Trustee"** shall mean the standing Chapter 12 Trustee, Jose R. Carrion Morales, Esq.

7. **"Consummation Date"** shall mean, the date by which all of the conditions precedent to full

1

consummation set forth in this Plan, shall have been met or waived.

8. **"Order of Confirmation"** shall mean, the Order of the Bankruptcy Court confirming this plan, pursuant to 11 U.S.C. § 1225.

## ARTICLE II
## ASSETS AND LIABILITIES AS OF PETITION DATE

1. **ASSETS**:

Debtor's asset composition as listed on Schedules A and B has remained substantially unchanged from that listed in the schedules filed with the Court.

Real properties were scheduled in the aggregate amount of $950,000.00. The properties which Debtor has interest in are the following:

a. Lot of land composed with 40.0 cuerdas. Located at Carrizales Ward Sector Quinto Soto Palma Gorda, Road 493 Km 1 Hm 0 Interior Hatillo Puerto Rico. This property was segregated in four lots of land, which has no deed since the same still part of the 40.0 cuerdas. This property have also the following structures;

1. Two Story Dairy Farm Building, a Waiting Room with tin roof and a Feeder Room with a tin roof.

2. Residential house with three bedrooms, two bathrooms, dining and living room, kitchen, balcony, garage, and laundry.

Registered at the Public Registry of Arecibo, Book 315, Page 115, Property no. 4,782, Cataster no. 011-000-007-25-901.

b. Lot of land composed with 14 cuerdas, located at Located at Carrizales Ward Sector Quinto Soto Palma Gorda, Road 493 Km 1 Hm 0 Interior Hatillo Puerto Rico. This property is used for grazing.

Debtor own 100% un-liquidated interest over several personal assets. Personal property was scheduled in the total amount of $2,510,279.82 of which $3,100.00 were listed as household goods and clothing; $25,000.00 were listed in vehicles; $55,860.00 were listed as farming and farm supplies; $781,160.00 were listed as farm animals, particularly cattle cows; $3,691.82 were listed as shares; $10,000.00 were listed for incentive; $500.00 were listed for Jewelry, and $220,920.00 composed of miscellaneous personal properties such as checking accounts, savings, utility bond & cash. Debtor also listed the interest over the milk production rights comprised of 82,944 production liters with an approximate fair market value of $1,410,048.00. Debtors estimate the current fair market value of each liter in $17.00.

2. **LIABILITIES**:

According to the schedules filed and proof of claims filed in this case, the sum of all secured claims is approximately $2,882,109.09. The sum of all general unsecured claims is approximately $348,563.64; unsecured priority claims as defined 11 U.S.C. § 507 (a)(8) are approximately $0.00.

For a detail of all outstanding debts, classified pursuant the terms of this plan refer to Schedule of Payments under the Plan of Reorganization as **Exhibit B**. See, Liquidation Analysis as **Exhibit I.**

**ARTICLE III**
**DESIGNATION OF CLAIMS, TREATMENT FOR CLASSES AND INTEREST**

### CLASS 1 – TRUSTEE ADMINISTRATIVE

This Class 1 shall consist of the Chapter 12 trustee statutory commission computed pursuant to 28 U.S.C. § 586(e).

The Chapter 12 trustee shall receive and retain the following fee: ten percent (10%) of all payments distributed by the trustee that combined do not exceed the amount of $450,000.00; three percent (3%) of all payments distributed by the trustee that combined amount higher than $450,000.01 but not in excess of $1,000,000.00; and three percent (3%) or less of all payments distributed by the trustee that combined exceed the amount of $1,000,000.00.

### CLASS 2 – ADMINISTRATIVE EXPENSES

These expenses shall be the Allowed Administrative Expenses pursuant Section 503 of the Code. This class will be paid by the Chapter 12 Trustee in full as soon as practicable, as of (a) the Effective Date or (b) during the first year following the confirmation of the plan. The attorney's fee in this case are in the amount of $10,000.00 and the same will be granted with the confirmation of the Chapter 12 Plan. These amounts will be determined and fixed upon written application to the Court.

### CLASS 3 – ORIENTAL BANK & TRUST – CLAIM NOT FILED

Oriental Bank & Trust ("Oriental") is secured by a mortgage loan encumbering 66,232 liters of milk quota in first range listed above for the amount of $1,125.944.00, over lot of land comprised of 40.0 cuerdas with a value of $850,000.00, and a lot of land comprised of 14 cuerdas with a value of $100,000.00. Refer to Appraisal herein as **Exhibit G**.

In addition, Oriental has received from Debtors an assignment of a portion of the milk production payments paid monthly by Vaquería Tres Monjitas, Inc. ("VTM").

Oriental currently has the amount of approximately $63,000.00 retained in an escrow account, which belongs to Debtors. Debtors need these funds in order to buy cattle to increase the milk production and reach a maximum percentage of milk. This will help to increase the income to pay creditors and repair the dairy farm. Debtors' milk production should be stabilized again by May 2014, which means that higher percentage of profits will be received. In order to achieve the later, Debtors needs for Creditor to turn over the funds. Therefore, with the confirmation of the plan Debtors will receive the amount hold in the escrow account.

The United States Bankruptcy Appellate Panel of the Tenth Circuit has established the following:

> In Chapter 12 cases, bankruptcy courts can modify the rights of secured creditors and extend the repayment period for secured claims beyond the life of the plan when appropriate. 11 U.S.C. § 1222(b)(2) and § 1222(b)(9). Section 1225 does not specifically address the length of the repayment term that must be provided under the plan. The market is not the only means by which the bankruptcy court determines the appropriate period of time over which a claim may be paid. In re: Woods, *465 B.R. 196, 208 (2012).*

In the abovementioned case, the Court also concluded that, in the Chapter 12 context, an appropriate

3

cramdown interest rate must equal the national prime rate enhanced with a risk factor, In re: Woods, *supra*, p. 212.

The prime interest rate as per New York Times Business Section is 3.25%, enclosed herein as **Exhibit H**. For a loan of a ten (10) year period the current interest rate as of this date is 2.60% as per the Daily Treasury Yield Curve Rates, enclosed herein as **Exhibit F.**

Debtors will pay the prime interest rate of 3.25% plus a .25% of risk factor during the five (5) year period of the Chapter 12 plan. Upon completion with the terms of the Chapter 12 plan, Debtors will increase the interest rate to 3.75% for the next five (5) years.

> The United States Bankruptcy Appellate Panel of the Six Circuit has established the following:
>
> > Pursuant to 11 U.S.C. § 1225(a)(5)(B)(ii), the rights of an un-consenting secured creditor can be modified only if the creditor retains its lien and receives property with a present value not less than the amount of the secured claim.
> > When determining the value of real property an expert appraiser should utilize data from the geographic area in which the property is located in rather than nationwide figures and take into consideration economic factors which are likely to affect the value of the property.
> > To satisfy the feasibility requirement of 11 U.S.C. § 1225(a)(6) debtors do not have to guarantee success, they must only "provide a reasonable assurance that the plan can be effectuated." In re: Hudson, 2011 WL 1004630 (Bkrtcy.M.D.Tenn., 2011) 3/16/2011

In addition, Oriental will retain their liens over the lots of land and the Milk Quota. To assure the monthly payments the same will be made directly to Oriental through an assignment agreement payment with Vaquería Tres Monjitas, Inc.

**Debt Balance Restructuring Upon Confirmation:** As such, since a claim has not being filed this class will be paid in the amount of $2,620,911.41 owed to creditor as follows:

The payments to be received by this creditor monthly will be applied to principal and interest in the amount of $9,000.00 monthly from April 2014 through September 2016. The same will be at an interest rate of 3.50%. These payments will be made directly to creditor through Vaquería Tres Monjitas, Inc.

From October 2016 through September 2019, Debtors will increase the payments in the amount of $10,000.00 monthly. The same will be at an interest rate of 3.50%. These payments will be made directly to creditor through Vaquería Tres Monjitas, Inc.

Subsequently of completion of the Chapter 12 Plan, meaning April 2019, Debtors will increase their payments in the amount of $11,000.00 monthly up to March 2024. The same will be at an interest rate of 3.75%. These payments will be made directly to creditor through Vaquería Tres Monjitas, Inc.

After the completion of this term, meaning April 2024, Debtors will refinance the remaining amount. Depending on the floating interest rate and any recapture, the balloon payment may be approximately $2,291,037.77. Nevertheless, Debtors acknowledge that Oriental is not obliged to provide refinance of the balloon payment and negotiations does not constitute a form of payment.

This payment will be made directly by Debtors to Oriental. As to the payment plans proposed above, refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit B,** current interest rate as of

4

**March 2014** herein as **Exhibit H,** Daily Treasury Yield Curve Rates herein as **Exhibit F,** and loan calculator table herein as **Exhibit C.**

If at any moment, Debtors decide to sell or refinance there will be no penalties as to the unpaid balance. Regarding the security agreements over personal and real property, this creditor will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in the plan, except to the assignments of the milk production payments Vaquería Tres Monjitas, Inc. Any additional amount due to this creditor in excess of the secured amounts, as stated herein, shall be deemed as general unsecured claim, with this remaining amount included within class seven (7) of the plan.

### CLASS 4 – HATICOOP - SECURED CLAIM NO. 1

Haticoop is secured by a mortgage loan encumbering 37,270 liters of milk quota in second range listed above for the amount of $97,872.10.

**Debt Balance Restructuring Upon Confirmation:** As such, as per proof of claim no. 1 this class will be paid in the amount of $97,872.10 owed to creditor as follows:

The payments to be received by this creditor monthly will be applied to principal and interest in the amount of $500.00 monthly from April 2014 through March 2019. The same will be at an interest rate of 3.50%. This payment will be made to creditor through the Chapter 12 Trustee by an assignment agreement payment with Vaquería Tres Monjitas, Inc.

From April 2019 up to its maturity date on March 2024, Debtors will increase the payments in the amount of $1,534.36 monthly. The same will be at an interest rate of 3.75%. These payments will be made directly to creditor through Vaquería Tres Monjitas, Inc.

Refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit B,** current interest rate as of **March 2014** herein as **Exhibit H,** Daily Treasury Yield Curve Rates herein as **Exhibit F** and loan calculator table herein as **Exhibit D.**

If at any moment, Debtors decide to sell or refinance there will be no penalties as to the unpaid balance. Regarding the security agreements over personal property, this creditor will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in the plan, except to the assignments of the milk production payments Vaquería Tres Monjitas, Inc. Any additional amount due to this creditor in excess of the secured amounts, as stated herein, shall be deemed as general unsecured claim, with this remaining amount included within class seven (7) of the plan.

### CLASS 5- PEDRO L. AMADOR SECURED - CLAIM NOT FILED

Pedro L. Amador is secured by a mortgage loan encumbering 8,000 liters of milk quota in first range in the amount of $160,000.00.

**Debt Balance Restructuring Upon Confirmation:** As such, since a claim has not being filed this class will be paid in the amount of $160,000.00 owed to creditor as follows:

Debtors will make monthly payments from April 2014 through March 2019 in the amount of $938.79 at an interest rate of 3.50% for a term of sixty (60) months directly to Pedro L. Amador.

From April 2019 up to its maturity date on March 2034, Debtors will increase the payments in the amount of $938.79 monthly. The same will be at an interest rate of 3.75%.

Refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit B,** current interest rate as of **March 2014** herein as **Exhibit H,** Daily Treasury Yield Curve Rates herein as **Exhibit F,** and loan calculator table herein as **Exhibit E.**

If at any moment, Debtors decide to sell or refinance there will be no penalties as to the unpaid balance. Regarding the security agreements over personal property, this creditor will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in the plan. Any additional amount due to this creditor in excess of the secured amounts, as stated herein, shall be deemed as general unsecured claim, with this remaining amount included within class seven (7) of the plan.

## CLASS 6- PRIORITY CLAIMS

This class will be paid as per proof of claim filed by all allowed unsecured priority claims classified pursuant to 11 U.S.C. § 507 (a)(8) of the Bankruptcy Code, the same will be paid according to the claim or superseding claim filed by these government entities.

The present value of these debts is $0.00 and will be pay through the Chapter 12 Trustee through monthly installments commencing on the effective date of the plan within a sixty (60) month period.

## CLASS 7 – GENERAL UNSECURED CREDITORS

General unsecured creditors considering those listed by Debtors, those who filed a proof of claim and those secured creditors, who after Debtors' estimate reached by Debtors have agreed to be considered part of their claim as unsecured, are included in this class. The debt under this class has been estimated by Debtors in the amount of $210,594.23 including present value plus three point twenty-five (3.25%) of legal interest in the amount of $17,858.42 for a total amount of $228,452.65.

This class will receive payments from the installments made by Debtors to the Chapter 12 Trustee. The length of the plan is for sixty (60) months commencing forty-five (45) days after the confirmation of the plan and in the amounts specified in the Payment Proposal enclosed herein as **Exhibit A** & **Exhibit B** as Schedule of Payments. Upon confirmation of the plan, these payments will be paid directly to the trustee from the business operations, named Vaquería Juan J. Peraza, on the basis of consecutive installments remitted monthly by Vaquería Tres Monjitas, Inc. to the Trustee as indicated in the Special Provision of **Exhibit A-1**.

## ARTICLE IV
## PENDING LITIGATION

Debtors state that, as of this date, to the best knowledge and belief there is no pending or threatened litigation that may affect the liability or asset composition of their personal business.

6

## ARTICLE V
## MEANS OF EXECUTION OF THE PLAN AND FEASIBILITY

Debtors shall have sufficient funds to make all payments then due under this Plan. The funds will be obtained from the business operations, named Vaquería Juan J. Peraza. Business projections of twelve (12) month are enclosed herein as **Exhibit J**.

The projections will serve as guidelines for the dairy farm operations. Said projections depend on the changes of Industria Lechera's price per liter and the authorized percentage of the bi-weekly liquidation of the milk quota. These projections are made for a period of one (1) year given that making them for a longer period would be impractical, since they depend on the unpredictable changes of Industria Lechera's price per liter, the authorized percentage of the bi-weekly liquidation of the milk quota, and the increases per one hundred (100) pounds of the feed for cows.

On the Consummation Date of the plan, the operation of the named business, all estate assets and allowed claims and valid liens, as set forth in the plan, shall be and become the general responsibility of the reorganized Debtors, which shall thereafter have the responsibility for the management, control and administration thereof.

Management of Debtors' affair, collection of moneys and distribution to creditors, will be under the control and supervision of the reorganized Debtors, which will assume the same role the Debtors in possession have assume through this reorganization process.

## ARTICLE VI
## EFFECT OF CONFIRMATION AND DISCHARGE

All property of the estate vests in Debtors upon confirmation except as otherwise provided in the plan or confirmation order. The property vests free of creditor's claims except for debts not discharged, or as otherwise stated in the plan or confirmation order, according to 11 U.S.C. §1227(b) and §1227(c).

The Chapter 12 discharge is received when all payments under the plan are completed, except for payments exceeding the term of the plan 11 U.S.C. §1228(a). Upon completing all conditions precedent to the consummation of this plan, all existing claims shall be deemed to be exchanged, satisfied, discharged and release in full; and all holders of claims shall be precluded from asserting any other or future claim against Debtor, based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Consummation Date, whether or not such holder filed a proof of claim. Upon full payment of the amounts compromised and detailed herein, secured creditors will turn over to the Debtors for cancellation purposes of promissory notes encumbering personal and real property pertaining to this estate.

A hardship discharge may be granted by the court if Debtor is unable to make plan payments and if such failure is beyond the Debtor's control, creditors have received at least the liquidation value of their claim, and post confirmation plan modification is not practicable pursuant §1228(b).

The order of confirmation of the Plan shall constitute an injunction against the pursuit of any claim or Equity Interest, whether or not a proof of claim or proof of interest based on any such debt, liability, or interest is filed or

7

deemed filed, under 11 U.S.C. 501, such claim is allowed under 11 U.S.C. 502 or the holder of such claim has accepted this Plan in the manner set forth herein.

## ARTICLE VII
## OBJECTIONS TO CLAIMS

The Debtor, the trustee, both at their option, or upon order of the Bankruptcy Court, if requested, may file an objection to any claim as to its validity or amount before the closing of the case. If an objection is made, payment to such claimants will be made only after the entry of a final order by the Court allowing such claim and in accordance with the provisions of the Plan governing such class to which such claims belongs.

The claim of any general unsecured creditor who fails to file a proof of claim or that files its claim after the fixed claims bar date be disallowed by confirmation hearing.

## ARTICLE VIII
## EXECUTORY CONTRACTS

Except as stated herein, Debtor assumes all unexpired leases and executory contracts to which it is a party and which have not been expressly rejected pursuant to 11 U.S.C. Section 365(a). Specifically, Debtor is assumed throughout the bankruptcy proceedings the following contracts**:**

a. Vaquería Tres Monjitas, Inc.: Milk Production Contract.

b. Carlos Muñiz: contract over care of calves.

## ARTICLE IX
## PROVISIONS FOR THE MODIFICATION OF THE PLAN

The Debtors may propose amendments or modifications of this Plan at any time prior to its confirmation pursuant to 11 U.S.C. 1223. After confirmation of the Plan, the Reorganized Debtors may, with the approval of the Court and as long as it does not adversely affect the interest of the creditors, remedy any defect or omission, in such manner as may be necessary to carry out the purposes and effects of the same.

## ARTICLE X
## CLOSING OF THE CASE

At such time as the case has been fully consummated, this case shall be closed. In order for the case to be close, the trustee shall file a final report and account showing that the case has been fully administered and the Plan has been fully consummated. The Court may conduct a hearing upon application thereof and after notice to all creditors and parties in interest. Thereafter an order approving the trustee's report and closing of the case shall be entered.

## ARTICLE XI

## COMPLIANCE WITH LAWS AND GOOD FAITH

Debtors believe that the plan complies with all provisions of chapter 12 and any other applicable provision of the Bankruptcy Code, that the plan has been proposed in good faith and not by any means forbidden by law, and that all fees, charges or amounts required to be paid before confirmation have been paid.

## ARTICLE XII
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction over this case as is conferred upon it by law, rule or statute,

8

or by this Plan, to enable the Debtors to consummate any and all proceedings which they may bring before or after the entry of the order of confirmation, in order to carry out the provisions of this Plan, specifically meaning until payment of all creditors as listed in the Treatment of Classes, Article III, supra.

**HEREBY CERTIFY,** that a copy of the Chapter 12 Plan has been electronically filed with the Clerk of the Bankruptcy Court using CM/ECF system which will forward a copy of the same to the office of Jose R. Carrion Morales, Esq.; Chapter 12 Trustee and to all creditors and parties in interest as per the Master Address List giving them twenty-one (21) days to reject the proposed plan and request a hearing. Absent good cause, untimely rejections shall be denied.

## NOTICE

Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this **CHAPTER 12 PLAN** has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUMITTED,**

In Caguas, Puerto Rico, this 25th day of March, 2014.

**GRATACOS LAW FIRM, P.S.C.**
PO BOX 7571
CAGUAS, PR 00726
PHONE: (787) 746-4772 & FAX: (787) 746-3633
EMAIL: bankruptcy@gratacoslaw.com

/s/ Víctor Gratacós-Díaz (127906)

9

EXHIBIT A

**UNITED STATES BANKRUPCY COURT
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**JUAN J. PERAZA MORA<br>GLORIA E. BATISTA MOLINA**<br><br>**D/B/A VAQUERIA JUAN J. PERAZA**<br><br>**DEBTORS** | **CASE NO. 13-01249 ESL**<br><br>**CHAPTER 12** |

**PAYMENT PROPOSAL TO:**

**CLASS 2 – ADMINISTRATIVE EXPENSES**

These expenses shall be the Allowed Administrative Expenses pursuant Section 503 of the Code. This class will be paid by the Chapter 12 Trustee in full as soon as practicable, as of (a) the Effective Date or (b) during the first year following the confirmation of the plan. The attorney's fee in this case are in the amount of $10,000.00 and the same will be granted with the confirmation of the Chapter 12 Plan. These amounts will be determined and fixed upon written application to the Court.

**CLASS 3 – ORIENTAL BANK & TRUST – CLAIM NOT FILED**

**Debt Balance Restructuring Upon Confirmation:** As such, since a claim has not being filed this class will be paid in the amount of $2,620,911.41 owed to creditor as follows:

The payments to be received by this creditor monthly will be applied to principal and interest in the amount of $9,000.00 monthly from April 2014 through September 2016. The same will be at an interest rate of 3.50%. These payments will be made directly to creditor through Vaquería Tres Monjitas, Inc.

From October 2016 through September 2019, Debtors will increase the payments in the amount of $10,000.00 monthly. The same will be at an interest rate of 3.50%. These payments will be made directly to creditor through Vaquería Tres Monjitas, Inc.

Subsequently of completion of the Chapter 12 Plan, meaning April 2019, Debtors will increase their payments in the amount of $11,000.00 monthly up to March 2024. The same will be at an interest rate of 3.75%. These payments will be made directly to creditor through Vaquería Tres Monjitas, Inc.

After the completion of this term, meaning April 2024, Debtors will refinance the remaining amount. Depending on the floating interest rate and any recapture, the balloon payment may be approximately $2,291,037.77. Nevertheless, Debtors acknowledge that Oriental is not obliged to provide refinance of the balloon payment and negotiations does not constitute a form of payment.

This payment will be made directly by Debtors to Oriental. As to the payment plans proposed above, refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit B,** current interest rate as of **March 2014** herein as **Exhibit H,** Daily Treasury Yield Curve Rates herein as **Exhibit F,** and loan calculator table herein as **Exhibit C.**

If at any moment, Debtors decide to sell or refinance there will be no penalties as to the unpaid balance. Regarding the security agreements over personal and real property, this creditor will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in the

10

plan, except to the assignments of the milk production payments Vaquería Tres Monjitas, Inc. Any additional amount due to this creditor in excess of the secured amounts, as stated herein, shall be deemed as general unsecured claim, with this remaining amount included within class seven (7) of the plan.

### CLASS 4 – HATICOOP - SECURED CLAIM NO. 1

**Debt Balance Restructuring Upon Confirmation:** As such, as per proof of claim no. 1 this class will be paid in the amount of $97,872.10 owed to creditor as follows:

The payments to be received by this creditor monthly will be applied to principal and interest in the amount of $500.00 monthly from April 2014 through March 2019. The same will be at an interest rate of 3.50%. This payment will be made to creditor through the Chapter 12 Trustee by an assignment agreement payment with Vaquería Tres Monjitas, Inc.

From April 2019 up to its maturity date on March 2024, Debtors will increase the payments in the amount of $1,534.36 monthly. The same will be at an interest rate of 3.75%. These payments will be made directly to creditor through Vaquería Tres Monjitas, Inc.

Refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit B,** current interest rate as of **March 2014** herein as **Exhibit H,** Daily Treasury Yield Curve Rates herein as **Exhibit F** and loan calculator table herein as **Exhibit D.**

If at any moment, Debtors decide to sell or refinance there will be no penalties as to the unpaid balance. Regarding the security agreements over personal property, this creditor will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in the plan, except to the assignments of the milk production payments Vaquería Tres Monjitas, Inc. Any additional amount due to this creditor in excess of the secured amounts, as stated herein, shall be deemed as general unsecured claim, with this remaining amount included within class seven (7) of the plan.

### CLASS 5- PEDRO L. AMADOR SECURED - CLAIM NOT FILED

**Debt Balance Restructuring Upon Confirmation:** As such, since a claim has not being filed this class will be paid in the amount of $160,000.00 owed to creditor as follows:

Debtors will make monthly payments from April 2014 through March 2019 in the amount of $938.79 at an interest rate of 3.50% for a term of sixty (60) months directly to Pedro L. Amador.

From April 2019 up to its maturity date on March 2034, Debtors will increase the payments in the amount of $938.79 monthly. The same will be at an interest rate of 3.75%.

Refer to Schedule of Payments under the Plan of Reorganization enclosed herein as **Exhibit B,** current interest rate as of **March 2014** herein as **Exhibit H,** Daily Treasury Yield Curve Rates herein as **Exhibit F,** and loan calculator table herein as **Exhibit E.**

If at any moment, Debtors decide to sell or refinance there will be no penalties as to the unpaid balance. Regarding the security agreements over personal property, this creditor will retain unaltered the legal and contractual rights over the property serving as collateral until full payment of the secured amount as detailed in the plan. Any additional amount due to this creditor in excess of the secured amounts, as stated herein, shall be deemed as general unsecured claim, with this remaining amount included within class seven (7) of the plan.

### CLASS 6- PRIORITY CLAIMS

This class will be paid as per proof of claim filed by all allowed unsecured priority claims classified pursuant to 11 U.S.C. § 507 (a)(8) of the Bankruptcy Code, the same will be paid according to the claim or superseding claim filed by these government entities.

The present value of these debts is $0.00 and will be pay through the Chapter 12 Trustee through monthly

installments commencing on the effective date of the plan within a sixty (60) month period.

## CLASS 7 – GENERAL UNSECURED CREDITORS

General unsecured creditors considering those listed by Debtors, those who filed a proof of claim and those secured creditors, who after Debtors' estimate reached by Debtors have agreed to be considered part of their claim as unsecured, are included in this class. The debt under this class has been estimated by Debtors in the amount of $210,594.23 including present value plus three point twenty-five (3.25%) of legal interest in the amount of $17,858.42 for a total amount of $228,452.65.

This class will receive payments from the installments made by Debtors to the Chapter 12 Trustee. The length of the plan is for sixty (60) months commencing forty-five (45) days after the confirmation of the plan and in the amounts specified in the Payment Proposal enclosed herein as **Exhibit A** & **Exhibit B** as Schedule of Payments. Upon confirmation of the plan, these payments will be paid directly to the trustee from the business operations, named Vaquería Juan J. Peraza, on the basis of consecutive installments remitted monthly by Vaquería Tres Monjitas, Inc. to the Trustee as indicated in the Special Provision of **Exhibit A-1**.

**Exhibit A-1**

**SPECIAL PROVISIONS:**

In order to facilitate the implementation of this Chapter 12 plan, Debtor hereby agrees and authorizes that, from the net proceeds of the bi-weekly milk liquidations between Debtor and the processing plant to which Debtor delivers its milk production, the processing plant, Vaquería Tres Monjitas, Inc. ("VTM"), will deduct from said net proceeds and disburse directly to the **Chapter 12 Trustee** the monthly amount of:

- $4,975.00   60 month   $298,500.00

provided that the net proceeds of said liquidations reach said amount after making the deductions indicated above and any other provide for by any applicable law or made in the regular course of business of the processing plant.

In addition, VTM will deduct from said net proceeds and disburse directly **Oriental Bank** the monthly amount of:

- $9,000.00   30month   $270,000.00
- $10,000.00   30month   $300,000.00

Said withholdings and monthly payments will be processed by the processing plant within ten (10) working days after the end of each and every calendar month, commencing on the next calendar month following the Effective Date of the Chapter 12 Plan, these funds, together with any other funds provided by Debtor to the Chapter 12 Trustee as per the terms of the confirmed Chapter 12 plan, will be distributed by the Trustee in accordance with the terms of the confirmed Chapter 12 plan.

Once the Chapter 12 plan is confirmed by an order entered by the Bankruptcy Court that becomes final and unappeasable, Debtor will give prompt written notice to the processing plant of the exact Effective Date as well as of any further change that may affect this procedure, including, but not limited to, (a) amendments to the Chapter 12 plan approved by the Court (b) the dismissal of the case ( c) the conversion of this case to one under any other Chapter of the Bankruptcy Code and/or (d) the termination of Debtor's obligation to make payments to the Chapter 12 Trustee.

It is understood that all amounts agreed to be deducted from Debtor and disbursed by VTM are subject to the essential condition that the net proceeds of the milk liquidations be sufficient to cover the same after making such deductions provided by law and those expenses, costs and/or advances made and/or charged by VTM, which will have priority over all other assignments of funds and/or requests for payments to third parties.

Any assignments of funds to third parties to be deducted from Debtor's milk liquidations and paid through VTM, whether executed prior to the filing of the petition or afterwards, whether made under the provisions of the Civil Code or as mere requests for payments, are hereby cancelled and left without effect.

Should there be any discrepancy between the contents of this Special Provisions section and the rest of the Chapter 12 Plan, the contents of this Section will prevail.